## 58393. PETERSON v. NEWTON.

BANKE, Judge.

The appellee was awarded judgment against the appellant on a promissory note in the amount of $975 principal, $30 interest, and $122.50 attorney fees. The sole issue on appeal is whether the $30 interest charge was usurious. We shall resist the temptation to call this a matter of principle.

The note specified an interest rate of 9.5% per annum. Under the general usury statute in effect at the time, the maximum interest charge allowable was 9% per annum. Code Ann. § 57-101 (as amended through Ga. L. 1975, p. 370). However, the trial court found that the transaction was governed by Code Ann. § 57-101.1 (as amended through Ga. L. 1977, pp. 1221, 1222) which governs interest rates on real estate loans and allows a maximum interest charge of 10%. The note was executed as partial payment of the purchase price of certain real estate but was not secured by any interest in that or any other real estate. *Held:*

Code Ann. § 57-101.1, as amended at the time the note was executed, applied only to "transactions where the security given [for the loan] is or includes real property or an interest therein ..." (Ga. L. 1977, pp. 1221,

1222). (The language of the current statute in this regard is substantially identical. See Ga. L. 1979, pp. 357, 359 (Code Ann. § 57-101.1(b)(3)).) Since the appellant's note was not secured by any interest in real estate, the trial court erred in finding it to be governed by § 57-101.1 rather than by § 57-101. The note was accordingly usurious, and all interest on it should have been forfeited pursuant to Code § 57-112.

The judgment of the lower court is affirmed with the direction that the award of $30 interest be stricken therefrom.

*Judgment affirmed with direction. McMurray, P. J., and Underwood, J., concur.*

ARGUED SEPTEMBER 25, 1979 — DECIDED OCTOBER 19, 1979.

*Thomas S. Jefferson,* for appellant.
*John C. Heath,* for appellee.